UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICA VINSON, MARINA MILIAN, and
DRAGANA MICEVIC, individually and
on behalf of themselves and on behalf of all
others similarly situated,

    Plaintiffs,

v.                                                    CASE NO.:

D&G HOLDINGS GROUP, LLC, D&G
RESTAURANT GROUP, LLC, SPEZZA
FAMILY PARTNERSHIP, LLC, RMZ, LLC,
WESTSHORE DILL, LLC, LUCKY LBC
WESTSHORE, LLC, WSLD LLC, LDWS
MANAGEMENT 1, LLC, and DAN
SORONEN, LLC, and JASON W. GRIFFIN,
individually, and DANIEL SORONEN,
individually,

    Defendants.
_____/

## CLASS COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Erica Vinson, Marina Milian, and Dragana Micevic ("Named Plaintiffs"), by and through undersigned counsel, on behalf of themselves and on behalf of all others similarly situated, brings this action against Defendants, D&G Holdings, LLC, D&G Restaurant Group, LLC, Spezza Family Partnership, LLC, RMZ, LLC, Westshore Dill, LLC, Lucky LBC Westshore, LLC, WSLD, LLC, LDWS Management 1, LLC, and DAN SORONEN, LLC, (collectively as "Corporate Defendants"), and Jason W. Griffin, individually, and Daniel Soronen, individually, (collectively as "Individual Defendants") in support of their claims states as follows:

1

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage. This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. Plaintiffs further complain on behalf of themselves, and a class of other similarly situated former employees of the Defendants, pursuant to Fed. R. Civ. Pro. 23, that they are entitled to back wages from Defendants for hours/weeks of work for which they did not receive at least the Florida minimum wage, in violation of Article X, Section 24, of the Florida Constitution ("Florida Minimum Wage Claims").

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

4. This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. § 1367, because the acts and omissions that give rise to Plaintiffs' FLSA claims are the same acts and omissions that give rise to Plaintiffs' Florida Minimum Wage Claims.

5. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida, which lies within the Middle District.

## PARTIES

6. Named Plaintiff, Erica Vinson, is a resident of Hillsborough County, Florida.

7. Named Plaintiff, Marina Milian, is a resident of Hillsborough County, Florida.

8. Named Plaintiff, Dragana Micevic, is a resident of Hillsborough County, Florida.

9. Defendant, D&G Holdings Group, LLC, is a Florida limited liability with its principal place of business in Pinellas County, Florida.

10. Defendant, D&G Restaurant Group, LLC, is a Florida limited liability company and with its principal place of business in Pinellas County, Florida.

11. Defendant Spezza Family Partnership, LLC, is a Florida limited liability company with its principal place of business in Pinellas County, Florida.

12. Defendant RMZ, LLC, is a Florida limited liability company with its principal place of business in Pinellas County, Florida.

13. Defendant Westshore Dill, LLC, is a Florida limited liability company with its principal place of business in Pinellas County, Florida.

14. Defendant Lucky LBC Westshore, LLC, is a Florida limited liability company with its principal place of business in Pinellas County, Florida.

15. Defendant WSLD, LLC, is a Florida limited liability company with its principal place of business in Hillsborough County, Florida.

16. Defendant LDWS Management 1, LLC, is a Delaware limited liability company with its principal place of business located in Hillsborough County, Florida.

17. Defendant Dan Soronen, LLC, is a Florida limited liability company with its principal place of business located in Hillsborough County, Florida.

18. Defendant, Jason W. Griffin, ("Griffin"), is the President and Chief Operating Officer of D&G Restaurant Group, LLC and D&G Holdings Group, LLC, and a resident of Pinellas County, Florida.

19. Defendant, Daniel Soronen, ("Soronen") is the President and Chief Operating Officer of Dan Soronen, LLC, and a resident of Pinellas County, Florida.

20. Corporate Defendants and Individual Defendants entered into a joint employer relationship and are authorized as "joint-employers" under the FLSA by virtue of their rigorous control over all of the individual employees. Further, Corporate Defendants and Individual Defendants, specifically Daniel Soronen and Dan Soronen LLC, prepared the payroll and distributed the payment of wages on behalf of all other Corporate and Individual Defendants for Plaintiff and members of the Class.

## **GENERAL ALLEGATIONS**

21. Named Plaintiffs have satisfied all conditions precedent, or they have been waived.

22. Named Plaintiff have hired the undersigned attorneys and agreed to pay them a fee.

23. Named Plaintiffs request a jury trial for all issues so triable.

24. At all times material hereto, Named Plaintiffs Erica Vinson, Marina Milian, and Dragana Micevic were employed by Corporate Defendants and Individual Defendants as employees of the Lucky Dill and NYKL restaurants in Hillsborough County, Florida.

25. The putative class of similarly situated employees consists of all other Lucky Dill and NYKL employees employed by the Corporate and Individual Defendants

4

within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

26. At all times material hereto, Named Plaintiffs and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

27. At all times material hereto, Named Plaintiffs and Members of the Class were "employees" of Defendants within the meaning of the FLSA.

28. At all times material hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

29. Defendants continue to be an "employer" within the meaning of the FLSA.

30. At all times material hereto, Defendants were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

31. At all times relevant to this action, Defendants engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

32. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

33. At all times relevant to this action, Defendant Jason W. Griffin, as president and chief operations officer for D&G Restaurant Group, LLC and D&G Holdings Group, LLC, had the authority to hire and fire employees, determine the work schedules of employees, set the pay rate of employees, and control the finances and operations of the Corporate Defendants. D&G Restaurant Group, LLC and D&G Holdings Group, LLC,

acquired an interest in the Lucky Dill Deli & Restaurant ("Restauarant") and Jason W. Griffin took over the day-to-day operations of the company.

34. Ultimately, Jason W. Griffin, exercised significant day-to-day control over Corporate Defendants, including with respect to personnel management, and daily business operations. Jason W. Griffin was responsible for the company-wide underpayment of Plaintiffs and those they seek to represent because he had the authority to hire and fire employees, determine the work schedules of employees, set the pay rate of employees, and control the finances and operations of the Corporate Defendant.

35. Defendant Jason W. Griffin is a corporate officer with operational control of the Corporate Defendant's and, thus, is jointly and severally liable under the FLSA for unpaid wages.

36. At all times relevant to this action, Defendant Daniel Soronen, as president and chief operations officer for Dan Soronen, LLC, had the authority to hire and fire employees, determine the work schedules of employees, set the pay rate of employees, and control the finances and operations of the Corporate Defendants. Soronen, most often hand-wrote the Named Plaintiffs and Class Members' paychecks and calculated their tax withholdings. Soronen and/or Dan Soronen, LLC, acquired an interest in the Lucky Dill Deli & Restaurant ("Restauarant") and Soronen, individually and together with Jason W. Griffin, took over the day-to-day operations of the company.

37. Ultimately, Daniel Soronen, exercised significant day-to-day control over Corporate Defendants, including with respect to personnel management, and daily business operations. Daniel Soronen was responsible for the company-wide underpayment of

Plaintiffs and those they seek to represent because he had the authority to hire and fire employees, determine the work schedules of employees, set the pay rate of employees, and control the finances and operations of the Corporate Defendant. Soronen has the authority to sign on the Restaurant's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

38. Defendant Daniel Soronen is a corporate officer with operational control of the Corporate Defendant's and, thus, is jointly and severally liable under the FLSA for unpaid wages.

39. Named Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

40. At all times material hereto, the work performed by Named Plaintiff and Members of the Class was directly essential to the business performed by Defendants.

**FACTS**

41. Named Plaintiff Erica Vinson began working for Defendants in November 2018, and she worked in this capacity until December 2019 when Defendants abruptly shut down the Restaurant and failed to pay employees for their last weeks worked.

42. Named Plaintiff Marina Milian began working for Defendants in September 2018, and she worked in this capacity until December 2019 when Defendants abruptly shut down the Restaurant and failed to pay employees for their last weeks worked.

43. Named Plaintiff Dragan Micevic began working for defendants in December 2018, and she worked in this capacity until December 2019 when Defendants abruptly shut down the Restaurant and failed to pay employees for their last weeks worked.

44. At all times material hereto, Named Plaintiffs and Members of the Class worked hours at the direction of the Corporate and Individual Defendants, and they were not paid at least the applicable minimum wage for all of the hours that they worked.

45. By failing to accurately record all of the hours worked by Named Plaintiff and Members of the Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2.

46. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

47. Named Plaintiffs bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of Restaurant employees whom Defendants failed to compensate in accordance with the federal minimum wage for all hours worked in accordance with the FLSA.

48. Therefore, notice is properly sent to: "All Lucky Dill Deli & Restaurant employees whom Defendants failed to compensate in accordance with federal minimum wage for all hours during the three years preceding the filing of the complaint through the present."

49. The total number and identities of the Class members may be determined from the records of Defendants, and the Class may easily and quickly be notified of the pendency of this action.

50. Named Plaintiffs are similar to the Class because they and the Class have been unlawfully denied full payment of the applicable federal minimum wage as mandated by the FLSA.

51. Named Plaintiffs' experience with Defendants' payroll practices is typical of the experiences of the Class.

52. Both Corporate and Individual Defendants' failure to pay all wages due at a rate that was at least equal to the applicable statutory minimum wage is common to the Class.

53. Both Corporate and Individual Defendants' practice of failing to remit appropriate tax withholdings and deductions from wages is common to the Class.

54. Overall, Named Plaintiffs' experiences as Restaurant employees who worked for Defendants is typical of the experience of the Class.

55. Specific job titles or job duties of the Class do not prevent collective treatment.

56. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

57. Therefore, the class of similarly situated Plaintiffs is properly defined as follows:

> **All Lucky Dill Deli & Restaurant employees whom Defendants failed to compensate in accordance with federal minimum wage from June 1, 2019 through the present.**

## COUNT I – FLSA MINIMUM WAGE VIOLATION

58. Named Plaintiffs reallege and readopt the allegations of paragraphs 1 through 57 of this Complaint, as though fully set forth herein.

59. During the statutory period, Named Plaintiffs and the Class worked for Defendants, and they were not paid the applicable federal minimum wage for the hours that they worked, as mandated by the FLSA.

60. Defendants failed to compensate Named Plaintiffs and the Class at a rate that was at least equal to the applicable federal minimum wage.

61. The Members of the Class are similarly situated because they were all employed as Restaurant employees by Defendants, were compensated in the same manner, and were all subject to Defendants' common policy and practice of failing to pay its Restaurant employees at a rate that was at least equal to the applicable federal minimum wage, in accordance with the FLSA.

62. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 206(a)(1)(C). As a result, Named Plaintiffs and the Members of the Class who have opted in to this action are each entitled to an amount equal to their unpaid minimum wages as liquidated damages.

63. All of Defendants' conduct, as alleged and described above, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

64. As a result of the foregoing, Named Plaintiff and the Class have suffered damages.

## CLASS ACTION ALLEGATIONS

65. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

66. Plaintiffs bring their Florida Minimum Wage Claims on behalf of all persons who were employed by the Corporate and Individual Defendants at the Restaurant at any time since June 1, 2019, to the entry of judgment in this case (the "Class Period"), who were Restaurant employees and who have not been paid at least the applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Class").

67. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately eighty-three (83) members of the Class during the Class Period.

68. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

69. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

70. Specifically, Defendants refused to pay the Class members for the final weeks in December 2019, including Plaintiffs, thus failing to pay them minimum wages as mandated by Article X, Section 24 of the Florida Constitution.

71. Further Defendants withheld wages from the Class members purportedly as tax withholdings that were not remitted appropriately to the taxing bodies and not paid to the Class members.

72. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiffs applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All of Defendants' former Restaurant employees who worked at the Lucky Dill Deli & Restaurant in Tampa, Florida, at any time during from June 1, 2019 up to the present.**

73. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

74. Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

75. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a) whether the Defendants employed the members of the Class within the meaning of Article X, Section 24 of the Florida Constitution;

b) whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c) what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d) whether Defendants failed and/or refused to pay the members of the Class at least the Florida Minimum Wage in one of more workweeks;

f) whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

g) whether the Defendants should be enjoined from such violations of Article X, Section 24 of the Florida Constitution in the future.

## COUNT II: VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

76. Named Plaintiffs reallege and readopt the allegations of paragraphs 1 through 46 and 65 through 75 of this Complaint, as though fully set forth herein.

77. Plaintiffs, and those similarly situated employees, are/were entitled to be paid at least the Florida minimum wage for each hour/week worked during employment with Defendants.

78. Specifically, Plaintiffs, and those similarly situated employees, were not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

79. Defendants willfully failed to pay Plaintiffs, and those similarly situated employees, minimum wages for one or more weeks during Plaintiffs" employment contrary to Article X, Section 24 of the Florida Constitution.

80. Although such prerequisites are unconstitutional, Plaintiffs have complied with all statutory prerequisites to bringing his claim pursuant to Article X, Section 24 of the Florida Constitution.

81. Specifically, on January 15, 2020, Plaintiffs served Defendants with a Notice pursuant to Fla. Stats. § 448.110, on behalf of themselves, and those similarly situated to Plaintiffs.

82. More than 15 days have elapsed since Plaintiffs' service of their Notice on Defendants, and Defendants have failed to make payment to Plaintiffs.

83. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

84. Plaintiffs are entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

85. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

*WHEREFORE*, Named Plaintiff and all similarly situated employees of the class demand:

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b) Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to

all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

c) Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d) Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

e) All unpaid wages at the FLSA mandated minimum wage rate;

f) All unpaid wage at the Florida mandated minimum wage rate;

g) All misappropriated tips;

h) All misappropriated funds that were labeled as fees or otherwise;

i) An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

j) An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

k) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

l) Such other relief to which Plaintiffs and Class Members may be entitled,

at law or in equity.

## JURY TRIAL DEMAND

Named Plaintiff demands trial by jury as to all issues so triable.

Dated this 16th day of March, 2020.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 37061
**AMANDA E. HEYSTEK**
Florida Bar Number 0285020
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: jcornell@wfclaw.com
Email: rcooke@wfclaw.com
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I also caused the foregoing to be sent via U.S. Mail to the non-CM/ECF participants.

*/s/ Brandon J. Hill*
**BRANDON J. HILL**